James O. Shackeleosh, J.,
delivered the opinion of the Court.
This is a petition filed in the Chancery Court of Memphis, to remove a trustee who had left the State, and to appoint another.
It appears from the record, on the 20th of June, 1859, the defendant, Joseph M. White, made and executed a trust deed to John G. Finnie, conveying certain lots, in the City of Memphis, to secure the payment of the purchase money, agreed to be given for the lots, bought by him of Austin & Maxwell, for which he had executed his notes to them for $13,600; two of the notes were for $5,191.66 each, and two $1,688, bearing interest from date, and severally falling due at different periods.
By the terms of the deed, if the maker failed to pay any of said notes at maturity, the trustee was authorized, after advertising, to sell said property for cash. The equity of redemption was expressly waived. The first note was paid at maturity, the balance are due and unpaid.
Thomas G. Finnie, the trustee, has removed from the State. J, L. Pulliam has become the owner of one *436 of the notes. On the 3d of July, 1866, William Maxwell filed this petition in the Chancery Court at Mem-against John G. Finnie, J. L. Pulliam and Joseph M. White, in which he sets forth the trust deed, and the purposes for which it was executed; that Finnie had removed from the State, and asking the appointment of another trustee. On the 1st of July, 1866, an order of publication was made for four successive weeks, as to the defendant, Finnie, to appear and answer at the August Rules. On the 9th of July, 1866, a subpoena was issued requiring White to appear and answer at the November rules following.- This was executed on the 12th of same month; process also was served on Pulliam, to appear and answer at the November Rules. Another process was issued and executed on White, 25th July, to appear and answer by the August Rules. The answer of Pulliam was filed; the defendant White, failing to answer at the August Rules, the petition was taken for confessed as against him and Finnie. A decree was pronounced, removing Finnie and appointing F. S. Davis a trustee, vesting in him all the power in the trustee, Finnie. No bond or security was required from the trustee, Davis. White applied for, and obtained writs of error and supersedeas, and the same were granted, bringing the cause to this Court.
The questions presented for our consideration, are:
First, Is the defendant, White, a necessary party?
Second, If a necessary party, is the practice in such cases, controlled by- the provisions of the Code, embraced in chapter 16, of the Code, regulating resignation, removal and appointment' of trustees, or by the rules *437 adopted by tbe Chancellor, regulating the practice of the Court ?
Third, Did the Court err in appointing Davis trustee, without requiring bond and security for the due performance of the trust?
By the provisions of the Code, in the chapter referred to, providing for the. resignation, removal and appointing trustees, concurrent jurisdiction is vested in the Chancery, Circuit and County Courts. Where the trustee resigns his office, by petition presented to the court, stating the facts of the "trusteeship, condition and character of the property, and offering to pass his accounts, etc., ten days notice shall be given to the beneficiaries, etc. The trustee may be removed upon application by any one or more of the beneficiaries, for the causes assigned in said chapter-; among' others, where he has removed' from the State. The petition must state the grounds of removal, and a copy of which shall be served on the trustee, if within the State, five days before the matter is heard; if absent from the State, or a non-resident, so that notice cannot be served, publication shall be made in such paper as the clerk may direct, for four weeks.
In all cases of removal or resignation of trustees, the Court may appoint a successor, taking, whenever it is proper to require it, bond and security. When application is made for the appointment or removal of a trustee, proper parties shall be made. Such are the substantial provisions of the Code, as embraced in the chapter aforesaid, regulating the appointment, resignation and removal of trustees.
*438 Was the defendant, White, a necessary party to the suit? We think he was. He had paid, since the execution of the trust deed, more than one third of the debt secured, and was entitled to the surplus after the paying the debts. He had a direct interest in seeing who should be appointed the trustee — that proper bonds were taken, with surety — and is a beneficiary under the deed, and therefore a necessary party. Being a necessary party, did he receive the notice required, before a pro confesso could be taken against him, so as to authorize a decree by the Court in removing and appointing a trustee ?
The object and purpose of the Legislature, in the statute, was, to facilitate the removal, resignation and appointment of trustees. The proceedings are summary, and are not governed by the proceedings in the usual course of procedure in the courts. The petition may be filed during the term, and where notice can be served, may be tried upon giving the notice required, as provided by the Code, in chapter 16, and the cause heard as soon as the requisite notice is given. The rules adopted by the Chancellor, have no application to this class of cases. It follows, therefore, that the defendant, White, had the notice required, and there was no error in taking a pro confesso, and pronouncing a decree removing the trustee, Turner, and appointing Davis trustee. In the appointing the trustee, no bond was required of him. In this we think the Court erred. Sec. 1974, of the Code, requires that every trustee or assignee, to whom property exceeding the value of $500, is conveyed in trust for the benefit of creditors, unless *439 released in writing, before entering npon the duties of the office, shall give bond with two or more good securities, in an amount equal to the value of the property conveyed, payable to the State of Tennessee, conditioned for the faithful performance of his duties, etc. There is nothing in the record to show the trustee was released from the responsibilities required by. the provisions of the Code referred to, and we think it was error in the Court to have appointed a trustee, and authorized him to proceed to sell the property conveyed, without requiring from him bond and security to an amount of the value of the property conveyed. The beneficiaries might have waived the giving of the bond in open court, or in writing; but that not having been done, the Court erred in appointing Davis, without requiring of him as a condition precedent to his acting as trustee, bond and security.
The cause will be remanded to the Chancery Court, that the proper bond may be taken; and in the event the trustee fails to give the bond, .another may be ap-